**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0128-DOC (ANx)                    Date:  February 4, 2014

Title: PD PROPERTY INVESTMENTS, LLC V. EMELIO RAMIREZ-MORENO, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE AS TO**
**JURISDICTION AND TIMELY REMOVAL**

On January 30, 2014, Pro Se Defendant Emelio Ramirez-Moreno removed a state unlawful detainer action to this Court.  Notice of Removal (Dkt. 1).  This Court has a duty to interpret pro se pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Defendant asserts that this Court has subject matter jurisdiction under the following theories:

> [P]ursuant to 28 U.S.C. §§1443, 1446, & 1447(b) and §1332 Diversity Jurisdiction, . . . on grounds that the Defendant's federally secured rights guaranteed by 42 U.S.C. §§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed.

Notice of Removal at 5.

**1. Lack of Jurisdiction**

First, diversity jurisdiction appears not to exist because Defendant does not state the citizenship of either party or the amount in controversy.  *See* 28 U.S.C. § 1332.  **Second**, federal question jurisdiction does not exist if it is based only on Defendant's affirmative defense.  *Provincial Gov't of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0128-DOC (ANx)                                    Date: February 4, 2014
                                                                                  Page 2

*Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28 (1974)) ("[T]he federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'"). **Third**, Defendant makes blanket statements that removal is proper under 28 U.S.C. § 1443(1), but does not appear to show that his claims satisfy the two-part test enunciated in *Georgia v. Rachel,* 384 U.S. 780, 788–92 (1966) and City *of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966).  *See Patel v. Del Taco, Inc.,* 446 F.3d 996, 998–99 (9th Cir. 2006); HSBC Bank USA v. Kubik, No. 13- 1692, 2013 WL 1694670, at *2 (C.D. Cal. Apr. 16, 2013).

## 2.  Removal Appears Untimely

Additionally, Defendant filed the Notice of Removal on January 30, 2014.  The unlawful detainer complaint was filed in Superior Court on October 23, 2013.  *See* Notice of Removal Ex. 1.  It is not entirely clear from the Notice of Removal when Plaintiffs served Defendant.  However, a case must be removed within thirty days of service of process.  *See* 28 U.S.C. § 1446 ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

## 3.  Order to Show Cause: Briefing Required

Therefore, the Court hereby ORDERS both parties to SHOW CAUSE as to why this case should not be remanded to state court, both because 1) this Court lacks jurisdiction and 2) removal appears untimely under 28 U.S.C. § 1446.  Parties must file briefing to the Court, not to exceed five (5) pages, on or before **February 18, 2014**.  Otherwise, the Court is inclined to REMAND for lack of subject matter jurisdiction and untimely removal.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb